**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **VICTOR GARCIA** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | **Case No. 2:20-cv-00601-GJF-CG** |
| | § | |
| **DOUGLAS FORD CHIEF OF CLOVIS POLICE DEPARTMENT, DETECTIVE ALBERT SENA, SERGEANT RAFAEL AGUILAR, OFFICER BRICE STACEY, OFFICER DARREN MCPHERSON, OFFICER JACOB BONNER OFFICER STEVEN COPE, OFFICER DAGOBERTO RODRIGIUEZ, OFFICER SANTINO AND JOHN DOE 1 CURRY COUNTY DETENTION CENTER OFFICER** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| | § | |
| **Defendants.** | § | |

**AMENDED COMPLAINT FOR VIOLATION OF FOURTH AND FOURTEENTH AMMENDMENT RIGHTS AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**COMES NOW,** Victor Garcia, by and through his attorney Freeman C. Faust (The Faust Law Firm) and for his cause of action states:

## JURISDICTION

1. This Court has jurisdiction over this matter as this complaint seeks damages pursuant to 42 U.S.C. § 1983 for violation of the Plaintiff's civil rights.

## VENUE

2. The acts and omissions giving rise to the Plaintiff's claims occurred in Curry County, New Mexico. This pursuant to 28 U.S.C. § 1391(b) (2), venue is proper in the U.S. District Court, District of New Mexico.
3. All Parties to this action are believed to reside in Lea and Curry Counties, New Mexico which are within the District of New Mexico.
4. Because all acts and omissions giving rise to this claim of action occurred in Curry County New Mexico, and all parties to this action reside in Curry and Lea Counties New Mexico, the District of New Mexico is proper venue in this matter.

## PARTIES

1. The Plaintiff, Victor Garcia, was at all times material hereto a resident of the city of Clovis, Curry County, New Mexico.
2. The Defendant, Douglas Ford, was at all times material to this complaint a resident of Curry County, New Mexico.
3. The Defendant, Detective Albert Sena, was at all times material to this complaint a resident of Curry County, New Mexico.
4. The Defendant, Sergeant Rafael Aguilar, was at all times material to this complaint a resident of Curry County, New Mexico.
5. The Defendant, Officer Brice Stacey, was at all times material to this complaint a resident of Curry County, New Mexico.
6. The Defendant, Officer Darren McPherson, was at all times material to this complaint

a resident of Curry County, New Mexico.

7. The Defendant, Officer Jacob Bonner, was at all times material to this complaint a resident of Curry County, New Mexico.
8. The Defendant, Detention officer Santino, was at all times material to this complaint a resident of Curry County, New Mexico.
9. The Defendant, John Doe 1, Curry County Detention Center Officer, was at all times material to this complaint believed to be residents of Curry County, New Mexico.

**FACTS**

1. On or about June 22, 2017 the Plaintiff, Victor Garcia, was socializing at the home of his friend, Sabrina Martinez, at 226 Gary, Clovis, New Mexico 88101.
2. While at the home of Ms. Martinez two Adult Probation and Parole Officers accompanied by two Clovis Police Department officers visited the residence.
3. The Adult Probation and Parole and Clovis Police Department officers conducted a thorough search of the house, found drug paraphernalia, and determined that the Ms. Martinez had violated their conditions of her probation or parole and placed her under arrest.
4. Mr. Garcia was not asked by Adult Probation and Parole officers to leave. He was told by Probation & Parole officers to sit on the couch and wait while Ms. Martinez was taken into custody.
5. During, or soon after, Ms. Martinez's arrest she asked Mr. Garcia to take her purse, phone, and vehicle to her daughter's house for safekeeping.
6. Mr. Garcia agreed to take Ms. Martinez's property and decided to secure the house by turning off lights and locking windows and doors.

7. While Mr. Garcia was securing the windows of the house, he saw a shadow through the window and was concerned that people had seen Ms. Martinez get arrested and might try to break in.

8. Mr. Garcia completed these tasks and exited the house. He then crossed the front yard and approached the tall privacy gate leading to the driveway.

9. Mr. Garcia looked out of the gate and saw a Defendant, Detective Albert Sena, getting into his vehicle.

10. CAD logs do not indicate that Albert Sena was ever dispatched to the scene. CAD logs show only Officer Brice Stacey dispatched to the incident and show that Officer Stacey spent a total of two minutes and twenty-seven seconds total in “en route” and “on scene” statuses before clearing the call.

11. Detective Sena saw Mr. Garcia at the gate, drew his gun and pointed it at Mr. Garcia.

12. Detective Sena ordered Mr. Garcia to raise his hands above his head, turn around, and walk backwards towards Detective Sena.

13. While Mr. Garcia was walking backwards towards Detective Sena he saw the Defendant, Sergeant Rafael Aguilar, in the alley nearby.

14. Detective Sena ordered Sergeant Aguilar to pat down Mr. Garcia which Sgt. Aguilar did.

15. Sergeant Aguilar did not find any weapons or drugs on Mr. Garcia as a result of the pat down.

16. Three other officers, Defendants, Brice Stacey, Darren McPherson, and Jacob Bonner arrived on the scene while the first pat down was being performed.

17. These serial pat down searches were not recorded. No officers body cams were recording at this time.

18. The failure to record these interactions in their entirety was in direct violation of Clovis Police Department policy which states, "Officers shall activate the BWC to record all contacts with citizens in the performance of official duties." (*Emphasis in original.)*

19. Clovis Police Department further states that, "If an officer fails to activate the BWC, fails to record the entire contact, or interrupts the recording, the officer shall document why a recording was not made, was interrupted, or was terminated."

20. Officers stated that they wanted to search the home of Ms. Martinez. Mr. Garcia informed officers that he did not live there and could not consent to a search of the house and that officers would need to get a warrant.

21. Officers repeatedly tried to get Mr. Garcia to consent to a search of the house and stated that because they were working on a warrant, they could do whatever they wanted to until a warrant arrived.

22. Defendants searched Mr. Garcia's person by patting him down three more times and did not find any drugs or weapons.

23. After four pat downs, Sergeant Aguilar stated that there was a new law in New Mexico that allowed police to perform a strip search anywhere.

24. The Defendants did not obtain a warrant to perform a strip search on Mr. Garcia.

25. At this time, Mr. Garcia and the Defendants were standing in the driveway of the house in full public view of the street, passing strangers, and neighbors.

26. Defendants then forced Mr. Garcia to completely remove his shorts and t-shirt.

27. At the time of the incident Mr. Garcia was wearing women's shorts and underwear.

28. Mr. Garcia was also wearing eyeliner and mascara and a feminine hairstyle.

29. Mr. Garcia is gay and gender non-conforming, and this fact is well known to Sergeant

Aguilar from previous interactions.

30. Defendants then forced Mr. Garcia to lower his underwear to his ankles.

31. The defendants took no precautions to shield Mr. Garcia from view or protect Mr. Garcia's dignity or privacy.

32. During the strip search in full public view Mr. Garcia felt embarrassed and humiliated. He was concerned that neighbors or random persons passing by were able to see him completely naked in the street.

33. When Mr. Garcia bent down to pull up his underwear Sergeant Aguilar saw a small baggie containing a crystalline substance.

34. Mr. Garcia pulled up his underwear and shorts, put on his t-shirt, and continued to comply with the Defendants' orders.

35. Sergeant Aguilar then ordered Mr. Garcia to "throw" the bag on the ground in front of him. Mr. Garcia complied with his order.

36. After complying exactly with Sergeant Aguilar's instruction to "throw" the baggie on the ground, Mr. Garcia was tackled and forced to the ground while being told that he was under arrest for tampering with evidence for throwing the baggie.

37. When Mr. Garcia protested that he had been told to throw the baggie, officers stated that they had not told him to throw the baggie. Body cam footage clearly shows the officer instructing Mr. Garcia to "throw" the baggie.

38. The baggie would be most accurately described as a small plastic packet. It was not resealable and had been opened prior to Mr. Garcia's encounter with police. As a result, some of the crystalline substance spilled into Mr. Garcia's underwear and onto the ground when he threw the packet as ordered.

39. When officers tackled Mr. Garcia to the ground they caused injury to Mr. Garcia's shoulder.

40. Upon information and belief, no other person, male or female, detained or arrested by the Clovis Police Department has been strip searched in public view prior to or after this incident.

41. The public strip search of Mr. Garcia was in violation of Clovis Police Department policy.

42. Clovis Police Department policy states, "Strip searches shall **not** be conducted on persons in the field who have **not** been placed under arrest unless the officer has a valid search warrant that expressly and specifically authorizes a strip search of the person identified to be strip searched." (*Emphasis in the original.)*

43. The public nature of the strip search Mr. Garcia was subjected to was also contrary to Clovis Police Department Policy which states, "[T]he search shall be conducted so that the search cannot be easily observed by the public and reasonable efforts must be made to provide as much privacy as possible."

44. The Defendants then transported Mr. Garcia to the Curry County Detention Center.

45. While booking Mr. Garcia, the Defendants strip searched Mr. Garcia a second time.

46. As part of the usual booking process, two Curry County Detention officers escorted Mr. Garcia to the bathroom where they instructed Mr. Garcia to remove all of his clothing, squat, and cough.

47. Mr. Garcia was familiar with this process from previous experience.

48. This incident was markedly different from prior instances.

49. During this strip search two Clovis Police Department officers, Defendants Jacob Bonner and Darren McPherson were also present along with Curry County Detention Officers

John Doe 1 and Officer Santino.

50. During the strip search a Defendant either Darren McPherson or Jacob Bonner was recording on a lapel camera.

51. Recording of the strip search performed at Curry County Detention Center was in violation of Clovis Police Department policy which states, "The BWC shall generally not be used to record: . . . In any location where individuals have a reasonable expectation of privacy, such as a restroom or locker room."

52. Defendants performed the strip search in a humiliating and degrading manner including refusing give Mr. Garcia something to cover his genitals with for several minutes and videotaping him naked while he repeatedly asked for a towel.

53. Curry County Detention Center Officers violated internal policy on strip searches by having additional personnel present for the strip search beyond the two required officers.

54. Curry County Detention Center Officers violated internal policy on strip searches by not having one male and one female officer present for the search of a gender non-conforming person.

55. Curry County Detention Center Officers violated internal policy on strip searches by failing to allow Mr. Garcia to dress immediately following the strip search.

56. At this time, Clovis Police Officers did not have a warrant to perform a strip search on Mr. Garcia, and were in violation of Clovis Police Department Policy.

57. Mr. Garcia was subsequently charged and accepted a plea agreement in which he entered a Conditional Plea to Possession of a Controlled Substance §30-31-23 NMSA (4th Deg. Felony), 18 months imprisonment, and a Conditional Plea to Tampering with Evidence §30-22-5 NMSA (4th Deg. Felony), 18 months imprisonment with 12 months suspended.

58. Each Charge had 4 years of Habitual Offender time added.

59. The sentences were ordered to run consecutively.

60. Mr. Garcia was sentenced to serve a total of ten years in prison followed by a year of concurrent probation and parole.

61. At the time of this filing Mr. Garcia has an appeal pending before the New Mexico Court of Appeals regarding the illegal search upon which the charges were predicated.

62. As a result of the abuses described above, Mr. Garcia suffers from ongoing anxiety, repetitive intrusive thoughts, inability to sleep, and loss of appetite leading to weight loss.

63. Mr. Garcia has required therapy in prison to deal with his emotion distress caused by the abuses, embarrassment, and humiliation he suffered.

64. Mr. Garcia may be diagnosed with Post Traumatic Stress Disorder as a result of the abuse, embarrassment, and humiliation he suffered. The diagnosis is not complete as of this filing.

**COUNT ONE: FAILURE TO TRAIN**

65. The Plaintiff restates the allegations contained in each and every preceding paragraph as though fully set forth here.

66. By their actions and inactions with respect to the training, supervision, and discipline of officers effecting arrests, the Defendants, Douglas Ford, Chief of Clovis Police Department, and Steven Cope and Dagoberto Rodriguez, supervising officers, acted knowingly and with deliberate indifference to the rights of the Plaintiff, Mr. Garcia.

67. The Defendants, Douglas Ford, Chief of Clovis Police Department, and Steven Cope and Dagoberto Rodriguez, supervising officers failed to adequately train the Defendants, Detective Albert Sena, Sergeant Aguilar, Brice Stacey, Darren McPherson, and Jacob

Bonner, to prevent them from violating Mr. Garcia's constitutional rights.

68. The Defendants, Douglas Ford, Chief of Clovis Police Department, and Steven Cope and Dagoberto Rodriguez, each of them individually and in their official capacity are liable to the Plaintiff, Mr. Garcia, for damages both general and specific, and for punitive damages under 42 U.S.C. § 1983.

**COUNT TWO: VIOLATION OF FOURTH AMMENDMENT RIGHTS FOR ILLEGAL SEIZURE**

69. The Plaintiff restates the allegations contained in each and every preceding paragraph as though fully set forth here.

70. At all times mentioned in this complaint Defendants, Detective Albert Sena and Sergeant Rafael Aguilar were acting within the course and scope of their duties as employees of Clovis Police Department.

71. By their actions under color of law, Defendants, Detective Albert Sena and Sergeant Rafael Aguilar, each of them intentionally, knowingly, willfully and recklessly deprived the Plaintiff of his clearly established statutory and Constitutional rights, privileges, and immunities, including but not limited to: the right to be free from unreasonable search and seizure as guaranteed under the Fourth Amendment.

72. Defendants actions when Detective Albert Sena pointed his gun at the Plaintiff, ordered him to raise his hands and walk backwards towards the Defendant constitute an unreasonable seizure without reasonable suspicion or probable cause.

73. Defendant Sergeant Rafael Aguilar assisted Detective Sena in detaining the Plaintiff without reasonable suspicion or probable cause by assisting Detective Sena in patting

down the Plaintiff.

74. The Plaintiff merely being at a location where the Defendants may have been attempting to obtain a warrant is insufficient to detain him at gunpoint and pat him down.

75. The Defendants, Detective Albert Sena and Sergeant Rafael Aguilar, are each in their individual and official capacity liable to the Plaintiff for both general and specific, and punitive damages under 42 U.S.C. § 1983.

**COUNT THREE: VIOLATION OF FOURTH AMMENDMENT RIGHTS DURING MULTIPLE AND EXCESSIVE SEARCHES OF MR. GARCIA'S PERSON**

76. The Plaintiff restates the allegations contained in each and every preceding paragraph as though fully set forth here.

77. At all times mentioned in this complaint Defendants, Detective Albert Sena, Sergeant Rafael Aguilar, Brice Stacey, Darren McPherson, and Jacob Bonner, were acting within the course and scope of their duties as employees of Clovis Police Department.

78. By their actions under color of law, Defendants, Detective Albert Sena, Sergeant Rafael Aguilar, Brice Stacey, Darren McPherson, and Jacob Bonner, each of them intentionally, knowingly, willfully and recklessly deprived the Plaintiff of his clearly established statutory and Constitutional rights, privileges, and immunities, including but not limited to: the right to be free from unreasonable search as guaranteed under the Fourth Amendment.

79. The Defendants, Detective Albert Sena, Sergeant Rafael Aguilar, Brice Stacey, Darren McPherson, and Jacob Bonner, individual conduct in performing three additional pat down searches of the Plaintiff after having found on the first pat down no indication that Mr.

Garcia was in possession of any weapons constitutes an unreasonable search without reasonable suspicion or probable cause.

80. The Defendants failed to find any threat to their safety or evidence of a crime when they patted him down the first time and each subsequent pat down became more egregiously unreasonable.

81. Patting down Mr. Garcia repeatedly while they badgered him for consent to search the house that did not belong to him and at which he did not reside was done for the sole purpose of harassing and intimidating Mr. Garcia into allowing a warrantless search of the house he had recently exited.

82. The egregious and repetitive nature of the conduct and demonstrates intentional, knowing, willful, and reckless deprivation of Mr. Garcia's rights by the Defendants.

83. The Defendants, Detective Albert Sena, Sergeant Rafael Aguilar, Brice Stacey, Darren McPherson, and Jacob Bonner, are each in their individual and official capacity liable to the Plaintiff for both general and specific, and punitive damages under 42 U.S.C. § 1983.

**COUNT FOUR: VIOLATION OF FOURTH AMMENDMENT RIGHTS FOR ILLEGAL ARREST**

84. The Plaintiff restates the allegations contained in each and every preceding paragraph as though fully set forth here.

85. At all times mentioned in this complaint Defendants, Detective Albert Sena, Sergeant Rafael Aguilar, and Brice Stacey, Darren McPherson, and Jacob Bonner, were acting within the course and scope of their duties as employees of Clovis Police Department.

86. By their actions under color of law, Defendants, Detective Albert Sena, Sergeant Rafael Aguilar, Brice Stacey, Darren McPherson, and Jacob Bonner, each of them intentionally,

knowingly, willfully and recklessly deprived the Plaintiff of his clearly established statutory and Constitutional rights, privileges, and immunities, including but not limited to: the right to be free from unreasonable seizure as guaranteed under the Fourth Amendment.

87. When Defendant, Rafael Aguilar, specifically instructed Mr. Garcia to "throw" the baggie, and then arrested Mr. Garcia for throwing the baggie exactly as instructed for "tampering with evidence" without probable cause, the defendants violated Mr. Garcia's right to be free from unreasonable arrest as guaranteed under the Fourth Amendment.

88. After this textbook entrapment, the Defendants injured Mr. Garcia's shoulder causing pain and injury.

89. The Defendants, Detective Albert Sena, Sergeant Rafael Aguilar, and Brice Stacey, Darren McPherson, and Jacob Bonner, are each in their individual and official capacity liable to the Plaintiff for both general and specific, and punitive damages under 42 U.S.C. § 1983.

**COUNT FIVE: VIOLATION OF FOURTH AMMENDMENT RIGHTS DURING PUBLIC STRIP SEARCH**

90. The Plaintiff restates the allegations contained in each and every preceding paragraph as though fully set forth here.

91. At all times mentioned in this complaint Defendants, Detective Albert Sena, Sergeant Rafael Aguilar, and Brice Stacey, Darren McPherson, and Jacob Bonner, were acting within the course and scope of their duties as employees of Clovis Police Department.

92. By their actions under color of law, Defendants, Detective Albert Sena, Sergeant Rafael

Aguilar, Brice Stacey, Darren McPherson, and Jacob Bonner, each of them intentionally, knowingly, willfully and recklessly deprived the Plaintiff of his clearly established statutory and Constitutional rights, privileges, and immunities, including but not limited to: the right to be free from unreasonable search as guaranteed under the Fourth Amendment.

93. The Defendants, Detective Albert Sena, Sergeant Rafael Aguilar, Brice Stacey, Darren McPherson, and Jacob Bonner, individual conduct in conducting a strip search in full public view which resulted in complete exposure of Mr. Garcia's genitals to any neighbors or passing strangers is a clear violation of Mr. Garcia's right to be secure in his person against unreasonable searches.

94. The Defendants, having failed to find any threat to their safety or evidence of a crime when they patted him down the first time, had no reasonable suspicion or probable cause to force Mr. Garcia to remove all of his clothing and expose his genitals to the public.

95. The fact that the Defendants Detective Albert Sena, Sergeant Rafael Aguilar, Brice Stacey, Darren McPherson, and Jacob Bonner, took no precautions to shield Mr. Garcia from view is an egregious violation of his rights. The egregious nature of the conduct and demonstrates intentional, knowing, willful, and reckless deprivation of Mr. Garcia's rights by the Defendants.

96. The Defendants, Detective Albert Sena, Sergeant Rafael Aguilar, and Brice Stacey, Darren McPherson, and Jacob Bonner, are each in their individual and official capacity liable to the Plaintiff for both general and specific, and punitive damages under 42 U.S.C. § 1983.

**COUNT SIX: VIOLATION OF FOURTH AMMENDMENT RIGHTS FOR WRONGFUL ARREST BASED ON UNREASONABLE PUBLIC STRIP SEARCH**

97. The Plaintiff restates the allegations contained in each and every preceding paragraph as though fully set forth here.

98. At all times mentioned in this complaint Defendants, Detective Albert Sena, Sergeant Rafael Aguilar, Brice Stacey, Darren McPherson, and Jacob Bonner, were acting within the course and scope of their duties as employees of Clovis Police Department.

99. By their actions under color of law, Defendants, Detective Albert Sena, Sergeant Rafael Aguilar, Brice Stacey, Darren McPherson, and Jacob Bonner, each of them intentionally, knowingly, willfully and recklessly deprived the Plaintiff of his clearly established statutory and Constitutional rights, privileges, and immunities, including but not limited to: the right to be free from unreasonable search as guaranteed under the Fourth Amendment.

100. By arresting the Plaintiff based solely on evidence obtained during an unreasonable and unconstitutional public strip search, the Defendants caused Mr. Garcia to be detained, charged, convicted, and ultimately imprisoned. The wrongful arrest of Mr. Garcia has caused him to be deprived of his liberty for up to ten years.

101. The Defendants, Detective Albert Sena, Sergeant Rafael Aguilar, Brice Stacey, Darren McPherson, and Jacob Bonner, are each in their individual and official capacity liable to the Plaintiff for both general and specific, and punitive damages under 42 U.S.C. § 1983.

**COUNT SEVEN: VIOLATION OF FOURTH AMMENDMENT RIGHTS DURING SECOND STRIP SEARCH**

102. The Plaintiff restates the allegations contained in each and every preceding paragraph as though fully set forth here.

103. At all times mentioned in this complaint Defendants, Darren McPherson, and Jacob Bonner, were acting within the course and scope of their duties as employees of Clovis Police Department.

104. At all times mentioned in this complaint Defendants, Officer Santino and John Doe 1, were acting within the course and scope of their duties as employees of Eddy County Detention Center.

105. By their actions under color of law, Defendants, Darren McPherson, Jacob Bonner, Officer Santino and John Doe 1, each of them intentionally, knowingly, willfully and recklessly deprived the Plaintiff of his clearly established statutory and Constitutional rights, privileges, and immunities, including but not limited to: the right to be free from unreasonable search as guaranteed under the Fourth Amendment.

106. The Defendants, Officer Santino and John Doe 1, by performing the second strip search outside of the customary procedures of the Eddy County Detention Center, in the presence of Darren McPherson and Jacob Bonner, allowing the search to be captured on video, and prolonging Mr. Garcia's time spent naked and with his genitals exposed to the view of officers far longer than reasonably necessary to fulfil the purpose of the search renders the search unreasonable.

107. The Defendants, Darren McPherson, Jacob Bonner, Officer Santino and John Doe 1, had no reason to refuse to give Mr. Garcia any sort of covering for his genitals for several minutes.

108. The Defendants, Darren McPherson and Jacob Bonner, had no reason to capture Mr. Garcia

naked on video for several minutes while he tried to shield his genitals from view with his hands and asked repeatedly for something to cover himself with.

109. The Defendants, Darren McPherson, Jacob Bonner, Officer Santino and John Doe 1, are each in their individual and official capacity liable to the Plaintiff for both general and specific, and punitive damages under 42 U.S.C. § 1983.

**COUNT EIGHT: VIOLATION OF FOURTEENTH AMENDMENT RIGHTS – EQUAL PROTECTION**

110. The Plaintiff restates the allegations contained in each and every preceding paragraph as though fully set forth here.

111. At all times mentioned in this complaint Defendants, Detective Albert Sena, Sergeant Rafael Aguilar, Brice Stacey, Darren McPherson, and Jacob Bonner, were acting within the course and scope of their duties as employees of Clovis Police Department.

112. By their actions under color of law, Defendants, Detective Albert Sena, Sergeant Rafael Aguilar, Brice Stacey, Darren McPherson, and Jacob Bonner, each of them intentionally, knowingly, willfully and recklessly deprived the Plaintiff of his clearly established statutory and Constitutional rights, privileges, and immunities, including but not limited to: the right to equal protection under law as guaranteed under the Fourteenth Amendment.

113. The Defendants chose to conduct a strip search on Mr. Garcia because he was a male who wears women's clothing and is homosexual. As noted above, no strip search of a heterosexual, non-trans male or female has, upon information and belief, ever been conducted in public by the Clovis Police department.

114. The Defendants', Detective Albert Sena, Sergeant Rafael Aguilar, Brice Stacey, Darren McPherson, and Jacob Bonner, conduct in conducting a strip search in full public view which resulted in complete exposure of Mr. Garcia's genitals to any neighbors or passing strangers is a clear violation of Mr. Garcia's right to be treated equally under the law regardless of his sex and gender.

115. The Defendants were aware Mr. Garcia is homosexual and gender non-comforming. He had been arrested before by some of the Defendants. The fact that the Defendants, Detective Albert Sena, Sergeant Rafael Aguilar, Brice Stacey, Darren McPherson, and Jacob Bonner, took no precautions to shield Mr. Garcia from view during the public search is a violation of his rights. The egregious nature of the conduct and demonstrates intentional, knowing, willful, and reckless deprivation of Mr. Garcia's rights by the Defendants.

116. The Defendants, Detective Albert Sena, Sergeant Rafael Aguilar, Brice Stacey, Darren McPherson, and Jacob Bonner are each in their individual and official capacity liable to the Plaintiff for both general and specific, and punitive damages under 42 U.S.C. § 1983.

**COUNT NINE: VIOLATION OF FOURTEENTH AMENDMENT RIGHTS – DUE PROCESS OF LAW**

117. The Plaintiff restates the allegations contained in each and every preceding paragraph as though fully set forth here.

118. At all times mentioned in this complaint Defendants, Darren McPherson, and Jacob Bonner, Officer Santino, and John Doe 1, were acting within the course and scope of their duties as employees of Clovis Police Department and the Curry County Detention Center.

119. By their actions under color of law, Defendants, Darren McPherson, and Jacob Bonner, Officer Santino, and John Doe 1, each of them intentionally, knowingly, willfully and recklessly deprived the Plaintiff of his clearly established statutory and Constitutional rights, privileges, and immunities, including but not limited to: the right to due process of law as guaranteed under the Fourteenth Amendment.

120. The Defendants chose to conduct a policy breaking, humiliating, extended, and filmed strip search on Mr. Garcia because he was a male who wears women's clothing and is homosexual.

121. The Defendants, Darren McPherson, and Jacob Bonner, Officer Santino, and John Doe 1, conduct in conducting a strip search that went on for longer than necessary, videotaped by a police officer, with police officers assisting in the search, while Mr. Garcia's genitals were exposed as he begged for a covering or clothing is a clear violation of Mr. Garcia's right not to be punished prior to an adjudication of guilt in accordance with due process of law.

122. The Defendants were aware Mr. Garcia is homosexual and gender non-conforming. He had been arrested before by some of the Defendants and booked by others at the Curry County Detention Center.

123. That the Curry County Detention Center Defendants allowed police in to videotape the strip search of Mr. Garcia, and then extended it 3-4 times as long while Mr. Garcia was humiliated and begging for a genital covering was a clear violation of his rights. The egregious nature of the conduct and demonstrates intentional, knowing, willful, and reckless deprivation of Mr. Garcia's rights by the Defendants.

124. The Defendants, Darren McPherson, and Jacob Bonner, Officer Santino, and John Doe 1,

are each in their individual and official capacity liable to the Plaintiff for both general and specific, and punitive damages under 42 U.S.C. § 1983.

**COUNT TEN: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS DURING UNCONSTITUTIONAL PUBLIC STRIP SEARCH**

125. The Plaintiff restates the allegations contained in each and every preceding paragraph as though fully set forth here.

126. The Defendants, Detective Albert Sena, Sergeant Rafael Aguilar, Brice Stacey, Darren McPherson and Jacob Bonner, conduct was intentional when they ordered Mr. Garcia to remove his clothing in full view of the public with no precautions to safeguard his privacy and dignity.

127. The conduct of the Defendants was outrageous, extreme, and beyond the bounds of decency. Mr. Garcia was forced to strip naked, exposed to the public and subjected to humiliation and public vulnerability.

128. Had officers observed Mr. Garcia in the same location and in the same state of undress not having disrobed under direction of officers they could have charged the Plaintiff with a crime.

129. Having suffered from the humiliation of forced public nakedness, Mr. Garcia has suffered emotional distress resulting in ongoing anxiety, repetitive intrusive thoughts, inability to sleep, and loss of appetite leading to weight loss necessitating therapy and a possible diagnosis of Post-Traumatic Stress Disorder.

130. The Defendants Detective Albert Sena, Sergeant Rafael Aguilar, Brice Stacey, Darren McPherson and Jacob Bonner, are liable to the Plaintiff for both general and specific, and

punitive damages for intentional infliction of emotional distress.

**COUNT ELEVEN: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS DURING SECOND UNREASONABLE STRIP SEARCH**

131. The Plaintiff restates the allegations contained in each and every preceding paragraph as though fully set forth here.

132. The Defendants, Darren McPherson, Jacob Bonner, Officer Santino, and John Doe 1, deviated from standard procedures for conducting an intake related strip search of Mr. Garcia by having additional police officers present, allowing the process to be captured on video, and refusing to give Mr. Garcia any covering for several minutes. This deviation from standard procedure was intentional conduct on the part of the Defendants.

133. The sexual humiliation of detainees by causing them to remain naked and exposed is outrageous and extreme and a violation of domestic and international norms on the treatment of prisoners.

134. Mr. Garcia was subjected to extended scrutiny of his naked body for a period of time far outside what was necessary to accomplish any legitimate purpose of a strip search.

135. Having suffered from the humiliation of forced nakedness, Mr. Garcia has suffered emotional distress resulting in ongoing anxiety, repetitive intrusive thoughts, inability to sleep, and loss of appetite leading to weight loss necessitating therapy and a possible diagnosis of Post Traumatic Stress Disorder.

136. The Defendants, Darren McPherson, Jacob Bonner, Officer Santino, and John Doe 1 are liable to the Plaintiff for both general and specific, and punitive damages for intentional infliction of emotional distress.

**Wherefore**, the Plaintiff demands judgment against the Defendants, jointly and severally, as follows:

1. Awarding the Plaintiff, Mr. Garcia, compensatory damages in an amount determined by the jury, but not less than five hundred thousand dollars;
2. Awarding the Plaintiff, Mr. Garcia, punitive damages against the Defendants in an amount to be determined by the jury;
3. Awarding the Plaintiff, Mr. Garcia, reasonable attorney fees and disbursements pursuant to 42 U.S.C.A. § 1988;
4. Declaring that the conduct of the Defendants violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the United State Constitution;
5. Granting such other and further relief as may be just and proper.

Respectfully Submitted by,

Freeman C. Faust
The Faust Law Firm
P.O. Box 2472
Hobbs, New Mexico 88241
(575) 552-5243 Phone