**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

VICTOR GARCIA,

    Plaintiff,

v.                                                     CV No. 20-601 GJF/CG

ALBERT SENA, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's *Motion to Allow Service by Alternative Means* (the "Motion"), (Doc. 15), filed October 6, 2020. Plaintiff requests service by publication upon Defendants Detective Albert Sena, Sergeant Rafael Aguilar, and Officer Steven Cope. The three defendants for whom Plaintiff seeks permission to serve by publication have not yet been served with the summons and complaint in this matter. As such, no response to the Motion is necessary. The Court, having considered the Motion, the relevant law, and being otherwise fully advised, finds the Motion is not well-taken and should be **DENIED WITHOUT PREJUDICE**.

    **I.**    **Background**

On June 22, 2020, Plaintiff filed this action, alleging deprivations of his constitutional rights pursuant to 42 U.S.C. §1983, arising from his arrest on June 22, 2017. (Doc. 1 at 2-6). Plaintiff alleges the incident took place at the home of his friend, who moments before the incident had been arrested by officers from the Clovis Police Department for violating conditions of her probation. *Id.* at 3. Plaintiff remained at his friend's home in order to secure the property. *Id*. Plaintiff contends that while leaving the property, Detective Albert Sena approached him, weapon drawn, and ordered him to

place his hands above his head. *Id.* Detective Sena was joined by Sergeant Rafael Aguilar, Officer Brice Stacey, Officer Darren McPherson, and Officer Jacob Bonner. (Doc. 4 at 4). After several pat down searches of Plaintiff, the officers ordered Plaintiff to remove his clothing and underwear for a further search. *Id.* at 5. Plaintiff alleges the strip search was performed in full view of the public. *Id.* Plaintiff alleges, following his arrest, that Clovis Police Department officers and Curry County Detention Center officers strip-searched him a second time, and recorded it with lapel cameras. *Id.* at 7-8.

Plaintiff has successfully served a copy of the summons and complaint on five of the named defendants and is awaiting confirmation of service on two more of the named defendants. *See* (Docs. 9-13); *see also* (Doc. 14 at 1). However, according to Plaintiff, through his counsel, he has been unable to locate Detective Sena, Sergeant Aguilar, and Officer Cope. (Doc. 15 at 1). Accordingly, on October 6, 2020, Plaintiff filed the instant Motion, seeking to serve these three defendants by publication. *Id.* at 2-3.

Plaintiff details his efforts in attempting to locate the three defendants. (Doc. 15 at 1-2). First, on September 21, 2020, Plaintiff left a copy of the summons and complaint for the defendants at their last known place of business, the Clovis Police Department. *Id.* at 1. Later that day, Plaintiff received an email from an employee of the Clovis Police Department informing him that the three defendants were no longer employed there, but the employee "did not provide any forwarding information." *Id.* Then, Plaintiff employed "available background check services" to locate the defendants' last known personal addresses, but to no avail because Plaintiff lacks necessary personal information such as birth dates and full legal names. *Id.* at 2. Plaintiff has been unable to obtain this information from defense counsel because, as Plaintiff states, no counsel has appeared

for the defendants who have been served. *Id.* Plaintiff now argues the Court should permit him to serve the three defendants by publication, given his diligent but futile efforts to locate them. *Id.* at 2-3.

## II.     Legal Standard

The Federal Rules of Civil Procedure do not expressly permit service by publication. *Reali v. Bd. Of Cnty. Comm'r's for the Cnty. of Doña Ana*, 2:19-cv-0603 MV/SMV, 2019 WL 6496929, at *1 (D.N.M. Dec. 3, 2019) (citing *Wilmington Savings Fund Soc'y, FSB v. Apodaca*, 1:18-cv-0114 JAP/KBM, 2018 WL 3145836, at *1 (D.N.M. June 27, 2018). However, Rule 4(e)(1) permits a plaintiff to serve an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1).

> New Mexico's state rules allow for service by publication in the follow instance:
>
> Upon motion, without notice, and showing by affidavit that service cannot reasonably be made as provided by this rule, the court may order service by any method or combination of methods, including publication, that is reasonably calculated under all of the circumstances to apprise the defendant of the existence and pendency of the action and afford a reasonable opportunity to appear and defend.

Rule 1-004(J) NMRA. Accordingly, before a plaintiff may move to serve an individual by publication, they must "(1) [] deliver[] the summons to him; (2) if the first step is unsuccessful, [] leave[] the summons with someone living at his usual place of abode; or (3) if the other methods do not work, [] deliver[] the summons to the person in charge at his place of employment." *Ruiz-Marentes v. Montoya*, 1:12-cv-1014 RB/WPL, 2013 WL 12334151, at *2 (D.N.M. Mar. 18, 2013). Courts should permit service by publication only when service has been attempted through the "hierarchy of mechanisms set out

3

under NMRA 1-004(F), and [when] the party requesting service in this manner demonstrate[s] that the hierarchy was followed in detail, although the attempts were unsuccessful." *MTGLQ Inv., LP v. Wellington*, 1:17-cv-487 KG/LF, 2017 WL 10591512, at *1 (D.N.M. Oct. 5, 2017) (internal citation and quotations omitted).

### III.   Analysis

In the Motion, Plaintiff contends he has followed New Mexico's rules for service of process, and, despite his diligence, has been unable to locate Detective Sena, Sergeant Aguilar, and Officer Cope in order to serve them with the summons and complaint. Plaintiff states he attempted to serve the three defendants at their last known place of business, the Clovis Police Department, but was informed they are no longer employed there. (Doc. 15 at 1). Plaintiff further states the Clovis Police Department did not provide him with forwarding information for the three defendants. *Id.* Plaintiff explains, finally, he attempted to obtain identifying information for the three defendants through a variety of background checks but remained unable to locate them. *Id.* at 2.

Plaintiff's request for service by publication is premature. Plaintiff first attempted to serve the three defendants at the Clovis Police Department less than three weeks ago. (Doc. 15 at 1). It appears from the Motion that when the Clovis Police Department informed Plaintiff that the three defendants were no longer employed there, Plaintiff took little if any affirmative steps to obtain forwarding information from the Clovis Police Department. It further appears that in the weeks since, Plaintiff has taken no further action to obtain forwarding information from the Clovis Police Department. Moreover, Plaintiff has not exhausted the hierarchy of means available under New Mexico law, as Rule 4(e) of the Federal Rules of Civil Procedure and this District require, because he

has not sufficiently attempted to locate home addresses and places of business for the three defendants.

The Court recognizes that service by the methods outlined above requires Plaintiff to ascertain the identity and location of the three defendants, which Plaintiff states he has been unable to do in the less than three weeks since attempting personal service at the Clovis Police Department. Therefore, the Court finds the best course is to grant Plaintiff a period to conduct limited discovery to ascertain the identity and location of the defendants he seeks to serve by publication. *See MTGLQ Inv., LP*, 2017 WL 10591512, at *1 (denying service by publication without prejudice and permitting a 60-day period of limited discovery, followed by a 30-day period of attempted service).

### IV.   Conclusion

For the foregoing reasons, the Court finds Plaintiff has failed to satisfy the prerequisites for service by publication. **IT IS THEREFORE ORDERED** that Plaintiff's *Motion to Allow Service by Alternative Means*, (Doc. 15), is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **November 13, 2020**, to conduct limited discovery to determine the legal names, home addresses, and business addresses of Defendant Detective Albert Sena, Defendant Sergeant Rafael Aguilar, and Defendant Officer Steven Cope.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **December 13, 2020**, to attempt to serve a copy of the summons and complaint on Defendant Detective Albert Sena, Defendant Sergeant Rafael Aguilar, and Defendant Officer Steven Cope. If these methods are unsuccessful, Plaintiff may file a renewed motion for service by publication,

documenting his attempts to serve these defendants.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE