**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

VICTOR GARCIA,

    Plaintiff,

v.     CV No. 20-601 DHU/CG

ALBERT SENA, et al.,

    Defendants.

### ORDER FOR *MARTINEZ* REPORT

**THIS MATTER** is before the Court on review of the record. Mr. Garcia is currently incarcerated at Southern New Mexico Correctional Facility ("SNMCF"). (Doc. 78 at 2). He commenced this civil rights lawsuit, pursuant to 42 U.S.C. § 1983, alleging primarily violations of his Fourth and Fourteenth Amendment rights in connection with his arrest on June 22, 2017. *See* (Doc. 4). Mr. Garcia was previously represented by counsel in this matter, and although he continues to search for substitute counsel, he is currently proceeding *pro se*.[1] The Court informed the parties that if Mr. Garcia were unable to retain counsel within the allotted period of time, the Court would order discovery to commence by way of a *Martinez* Report provided by Defendants. (Doc. 76 at 1).

Under *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), Courts may order prison and police officials to investigate the incidents underlying a plaintiff's lawsuit and then compile and file a report. The purpose of the *Martinez* Report is to ascertain whether there are any factual or legal bases for the plaintiff's claims. *Gee v. Estes*, 829 F.2d

---

[1] On April 21, 2022, the Court received a handwritten letter from Mr. Garcia, in which he appears to believe he "need[s] to find counsel for [his] case." (Doc. 78 at 1). Mr. Garcia is reminded that he may proceed without an attorney in this case if he so chooses.

1005, 1007 (10th Cir. 1987). Further, *Martinez* Reports may be used in deciding motions for summary judgment. *See Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992).

Therefore, to assist the Court in evaluating Mr. Garcia's claims in this matter, **IT IS HEREBY ORDERED** that:

1. Defendants shall prepare a *Martinez* Report addressing the claims raised in Mr. Garcia's *Amended Complaint for Violations of Fourth and Fourteenth Amendment Rights and Intentional Infliction of Emotional Distress* (the "Amended Complaint"), (Doc. 4), by:

    a. Setting forth the facts needed to resolve the claims including, but not limited to: the names of any persons who dealt directly with Mr. Garcia regarding the events alleged in the Amended Complaint; whether records exist pertaining to the events alleged, and, if so, a description of those records and documents and their contents. The Report must state whether any contracts, policies, procedures, protocols, laws, or regulations address the events alleged in the Amended Complaint, and, if so, a description of those contracts, policies, procedures, protocols, laws, or regulations and their contents.

    b. Further setting forth the facts needed to resolve the claims including, but not limited to: the names of any persons who dealt directly with Mr. Garcia concerning the events that are the subject of his Amended Complaint, or who witnessed or made decisions with regard to such events; whether any records or documents exist pertaining to such events and, if so, a

      description of those records and documents and their contents; and whether any contracts, policies, procedures, protocols, laws, or regulations address such events and, if so, a description of those contracts, policies, procedures, protocols, laws, or regulations and their contents.

  c. Providing copies of all records and documents pertaining to the matters referred to in the foregoing sub-paragraphs a) and b), including but not limited to incident reports, misconduct reports, and decisions made by officials or Defendants concerning the events alleged in the Amended Complaint; and copies of any policies or regulations that address these situations;

  d. Providing copies of all records and documents pertaining to any interactions between Mr. Garcia and Defendants, including but not limited to those regarding the events alleged by Mr. Garcia;

  e. Providing affidavits in support of the Report, if necessary; and

  f. Providing a copy of any administrative grievance procedure in effect at during the relevant time period in Mr. Garcia's Amended Complaint and copies of all records and documents, if any, pertaining to the events at issue in this case.

2. The records and documents submitted with the Report may be submitted simultaneously with the Report, but the submission of documents alone, or documents submitted with an index but without an accompanying Report, shall not be considered in compliance with this Order.

3. The Court is aware of the potential sensitivity of the materials that may be contained in corrections files and that there may be valid reasons for keeping confidential some of the contents of such files. Therefore, Defendants may redact confidential portions of the Report, or any records submitted with the Report, provided that they also file a memorandum setting forth any objections they might have to Mr. Garcia being permitted to review the redacted portions of the Report, records, or documents. If Defendants do not submit such a memorandum, Mr. Garcia shall be permitted to review the contents of the Report and the records and documents submitted with the report. Defendants' memorandum, if any, shall be served on Mr. Garcia, who shall have 14 days after the date of service of the memorandum to file and serve a response to the memorandum. The Court will review Defendants' memorandum, if any, and any responses filed by Mr. Garcia, to determine whether the redacted portions of the Report, records, or documents should be disclosed to Mr. Garcia. If necessary, the Court will review the redacted portions of the Report, records, or documents *in camera* before making its determination.

4. All records and documents submitted with the Report must be submitted with an index. The index must identify each record and document submitted by number, and each record and document must be marked with a tab or label showing its number. Additionally, the Report and each record and document submitted with the report must have its pages numbered using Bates stamps, or a similar numbering system.

5. A complete copy of the Report must be filed on the case docket and served on Mr. Garcia.

6. Defendants shall file their *Martinez* Report on or before **July 26, 2022**.

7. Mr. Garcia shall file and serve his response to the *Martinez* Report on or before **August 26, 2022**.

8. Defendants shall file and serve their Reply, if any, to Mr. Garcia's Response on or before **September 26, 2022**.

Because the *Martinez* Report may be used in deciding whether to grant summary judgment, the parties are urged to submit whatever materials they consider relevant to Mr. Garcia's claims. If Defendants intend to file motions for summary judgment, they must do so in a filing or filings other than the *Martinez Report*.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE